## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RYAN HAYES,

     Plaintiff,

v.                                                                      Case No. 8:25-cv-3286-TPB-SPF

CHIPOTLE MEXICAN GRILL, LLC, et al.,

     Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW"

This matter is before the Court on "Defendants' Motion to Dismiss Plaintiff's

Complaint with Prejudice and Supporting Memorandum of Law," filed by counsel

on December 8, 2025.  (Doc. 4).  Plaintiff Ryan Hayes, who is proceeding *pro se*, filed

a response in opposition on December 29, 2025.  (Doc. 13).  After reviewing the

motion, response, court file, and the record, the Court finds as follows:

### Background[1]

This case arises from a visit by Plaintiff Ryan Hayes to a Chipotle restaurant

on October 16, 2025.   According to Plaintiff, he and another male customer waited

for several minutes at the counter without acknowledgement.  When Plaintiff

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"politely" asked if anyone was working the counter, a cashier turned to co-workers for their assistance. A Chipotle employee began serving the other customer ahead of Plaintiff; when that customer requested fresh rice, the employee "abruptly returned to the prep station, aggressively removed the existing rice pan, and slammed down a new pan of rice in a visibly hostile manner." The customer continued his order and departed.

The employee then began serving Plaintiff. Plaintiff, "speaking respectfully and calmly, remarked that it would be courteous and professional to acknowledge waiting customers." He claims that he "calmly expressed how he has a service dog in the car, with the car running – locked and secure and a pregnant fianc[é] that is currently admitted in St. Joseph Women's Hospital." Plaintiff alleges that the employee became "verbally hostile" and dismissed Plaintiff, saying "Boy, Bye," and "That's some bitch shit." The employee allegedly called Plaintiff a bitch more than a dozen times, along with other insults. Plaintiff alleges that approximately six employees then restrained and removed the employee from the line. Plaintiff then spoke to the on-duty manager, who denied Plaintiff the prepared meal and instructed Plaintiff to "go to another Chipotle."

On November 6, 2025, Plaintiff filed a complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, asserting several claims for relief against Defendants Chipotle Mexican Grill, LLC and Chipotle Mexican Grill, Inc.: intentional infliction of emotional distress (Count I), gross negligence (Count II), disability discrimination under the Americans with

Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA") (Count III),

negligent hiring, retention and supervision (Count IV),  vicarious liability (Count

V), preservation of evidence, discovery, and injunctive relief (Count VI),[2] and

injunctive relief and "corporate reform" (Count VII).  On December 1, 2025,

Defendants removed the case from state court to this Court.  On December 8, 2025,

Defendants filed a motion to dismiss for failure to state a claim, seeking dismissal of

each claim with prejudice.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a

short and plain statement of the claim showing that the [plaintiff] is entitled to

relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual

allegations," it does require "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual

allegations must be sufficient "to state a claim to relief that is plausible on its

face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four

corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233

(M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a

court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the

[c]omplaint in the light most favorable to the [p]laintiff."  *Id.*  (citing *Scheuer v.*

---

[2] This count is misnumbered as Count IV in the complaint.

*Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case."  *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at \*2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to serve as de facto counsel" on behalf of a *pro se* plaintiff.  *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

<u>Analysis</u>

*ADA Claim*

Plaintiff asserts only one federal claim for relief – an ADA claim in Count III.  Title III of the ADA prohibits discrimination against individuals with disabilities by private entities in places of public accommodation.  *See* 42 U.S.C. § 12182(a).  To plead a disability discrimination claim, a plaintiff must allege that: (1) he is disabled, (2) the defendant owns or operates a place of public accommodation, and (3) the defendant discriminated against the plaintiff based on his disability.  *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1231 (11th Cir. 2021).  To establish standing for injunctive relief, a plaintiff must also allege that he faces a real and immediate threat of future discrimination.  *See id.*; *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328-29 (11th Cir. 2013).

In this case, Defendants concede that they own or operate a place of public accommodation.  However, Defendants argue that Plaintiff has not and cannot otherwise allege a facially sufficient ADA claim based on these facts.

Here, Plaintiff has failed to allege any facts demonstrating that he has a disability.  His complaint contains no factual allegations identifying a physical or mental impairment, or any facts describing how his condition substantially limits one or more major life activities.  *See* 42 U.S.C. § 12102(1).  Although Plaintiff references a service dog, his mere possession of a service dog is insufficient to establish the existence of a disability.  *See Oertel v. Corcoran*, No. 3:25cv621-MCR-HTC, 2025 WL 2100948, at *2 (N.D. Fla. June 4, 2025), *report and recommendation adopted*, 2025 WL 2097896 (N.D. Fla. July 25, 2025).  And Plaintiff provides no facts demonstrating the work or tasks performed by the service dog, nor does he assert any facts demonstrating what disability or condition the dog services.

Plaintiff also does not set forth any facts that show he was discriminated against on the basis of his alleged disability.  Plaintiff's assertion that he was not permitted to purchase his prepared meal is not sufficient itself to allege discrimination in violation of the ADA because exclusion of an individual is not *per se* discriminatory conduct.  *See Oertel*, 2025 WL 2100948, at *2.  Instead, the ADA requires that the exclusion or discriminatory conduct is based on the individual's disability.  *See* 42 U.S.C. § 12182(a).  Plaintiff does not sufficiently allege facts that could establish any Chipotle employees were aware of his disability, or that his exclusion was based on his disability.  In fact, as previously discussed, Plaintiff fails

to allege any specific disability at all.  *See Oertel*, 2025 WL 2100948, at *2 (citing

*Duldulao v. La Creperia Café, Inc.*, No. 8:11-cv-1413-T-23TBM, 2011 WL 6840585

(M.D. Fla. Dec. 29, 2011).  "[W]ithout knowledge of the specific disability,

discrimination on the basis of a disability is impossible to infer."  *See Duldulao*,

2011 WL 6840585, at *3.

Finally, to obtain injunctive relief under Title III of the ADA, a plaintiff must

plausibly allege a real and immediate threat of future discrimination; past alleged

misconduct is insufficient.  *See Kennedy*, 998 F.3d at 1229.  Plaintiff describes only

a single confrontation at a Chipotle location on October 16, 2025.  He does not allege

that he has returned, intends to return, or is likely to return to this or any other

Chipotle location in the future.  He also does not allege facts that would suggest

that the same conduct would occur during a future visit.  Plaintiff therefore fails to

establish standing.

The complaint describes a verbal altercation between Plaintiff and a Chipotle

employee, followed by intervention and a request by the manager that Plaintiff

proceed to a different location.  The ADA does not make every unpleasant

interaction actionable in a court of law.  Based on Plaintiff's version of events, it

appears unlikely that he will be able to plead an ADA discrimination claim because

it does not appear that the employee's hostility or the manager's decision to not

provide Plaintiff with the prepared meal was motivated by or tied to any disability.

But, in an abundance of caution, and in light of Plaintiff's *pro se* status, the Court

will grant Plaintiff the opportunity to file an amended complaint to cure these

defects, if he can do so in good faith.

### State Law Claims

The Court declines to address Plaintiff's state law claims at this time.  If

Plaintiff files an amended complaint, Defendants may renew their arguments

regarding Plaintiff's state law claims.  The Court notes that should Plaintiff fail to

file an amended complaint that asserts a sufficient federal claim, the Court intends

to decline to exercise supplemental jurisdiction over the state claims.

### Pro Se Status

The Court notes that several of the cases cited by Plaintiff in his opposition

do not exist, including: *Capistrano v. Fin. Indus. Regulatory Auth., Inc.*, 2015 WL

1647091, at *3 (M.D. Fla. Apr. 14, 2015); *Dept. of Fair Emp't & Hous. v. Law Sch.*

*Admission Council, Inc.*, 2014 WL 4269110, at *8 (N.D. Cal. Aug. 28, 2014); *Perez v.*

*Zazo*, 498 So. 2d 463, 465 (Fla. 3d DCA 1986); and *Byrd v. Shumann*, 2013 WL

12091938, at *2 (S.D. Fla. Jan. 28, 2013).  Plaintiff also cites to paragraphs in the

complaint that either do not exist or do not stand for the proposition that Plaintiff

claims.  Based on these inaccuracies, it appears likely that Plaintiff is perhaps

utilizing automated, artificial intelligence tools to research and draft his filings.

Courts possess the "inherent authority to sanction the misuse of AI when it affects

the Court's docket, case disposition, and ruling."  *United States v. Stephens*, 23-CIV-

80043-SINGHAL, 2025 WL 2840746, at *3 (S.D. Fla. Aug. 7, 2025); *Versant*

*Funding LLC v. Teras Breakbulk Ocean Navigation Enterprises, LLC*, No. 17-cv-

81140-DIMITROULEAS/MATTHEWMAN, 2025 WL 1440351, at *3 (S.D. Fla. May 20, 2025).

The Court recognizes that Plaintiff is proceeding *pro se*. And certainly, documents filed by *pro se* litigants must be liberally construed and are evaluated with less stringent standards. But that does not mean that there are no standards, and *pro se* litigants are expected to conform to procedural rules. Plaintiff's "*pro se* status does not shield him from the 'same duty of candor to the court as imposed on any other litigant.'" *Stephens*, 2025 WL 2840746, at *3 (citing *Kendrick v. Sec'y, Floria Dep't of Cor.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022); *see also O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *7 (S.D. Fla. Jan. 10, 2025) (sanctioning a *pro se* plaintiff for citing nonexistent authority). Plaintiff is warned that if he continues to misrepresent the record or cite non-existent legal authority, he may be subjected to sanctions.

**The Court notes that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice and
   Supporting Memorandum of Law" (Doc. 4) is **GRANTED IN PART**.

2. The complaint (Doc. 1-1) is **DISMISSED WITHOUT PREJUDICE,** as
   set forth herein.

3. The motion is otherwise **DENIED WITHOUT PREJUDICE**.

4. Plaintiff is directed to file an amended complaint to correct the defects
   identified in this Order on or before January 30, 2026.  Failure to file an
   amended complaint as directed will result in this Order becoming a final
   judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut.*
   *Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of
January, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE