**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RYAN HAYES,

      Plaintiff,

v.                                     Case No. 8:25-cv-3286-TPB-SPF

CHIPOTLE MEXICAN GRILL, LLC, et al.,

      Defendants.

_____/

**ORDER GRANTING IN PART "DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE"**

This matter is before the Court on "Defendants' Motion to Dismiss Plaintiff's

Amended Complaint with Prejudice and Supporting Memorandum of Law," filed by

counsel on February 12, 2026.  (Doc. 35).  Plaintiff Ryan Hayes, who is proceeding

*pro se*, filed a response in opposition on February 18, 2026.  (Doc. 38).  After

reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background[1]**

This case arises from a visit by Plaintiff Ryan Hayes to a Chipotle restaurant

on October 16, 2025.  According to Plaintiff, he and another male customer waited

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

for several minutes at the counter without acknowledgement.  When Plaintiff "politely" asked if anyone was working the counter, a cashier turned to co-workers for their assistance.  A Chipotle employee began serving the other customer ahead of Plaintiff; when that customer requested fresh rice, the employee abruptly returned to the prep station, removed the existing rice pan, and slammed down a new pan of rice.  The customer continued his order and departed.

The employee then began serving Plaintiff.  Plaintiff, "in a calm, conversational tone," remarked that "it would be courteous and professional to acknowledge waiting customers."  He claims that he mentioned he had his service dog in the car, and a pregnant fiancée at St. Joseph Hospital.  Plaintiff alleges that the employee became "visibly agitated" and dismissed Plaintiff, saying "Boy, Bye," and "That's some bitch shit."  The employee allegedly called Plaintiff a bitch more than a dozen times.  Plaintiff alleges that approximately five or six employees then restrained and removed the employee from the line.  Plaintiff then spoke to the on-duty manager, who denied Plaintiff the prepared meal and instructed Plaintiff to go to another Chipotle.

On November 6, 2025, Plaintiff filed a complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, asserting several claims for relief against Defendants Chipotle Mexican Grill, LLC and Chipotle Mexican Grill, Inc.: intentional infliction of emotional distress (Count I), gross negligence (Count II), disability discrimination under the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA") (Count III),

negligent hiring, retention and supervision (Count IV),  vicarious liability (Count V), preservation of evidence, discovery, and injunctive relief (Count VI),[2] and injunctive relief and "corporate reform" (Count VII).  On December 1, 2025, Defendants removed the case from state court to this Court.  (Doc. 1).

On December 8, 2025, Defendants filed a motion to dismiss for failure to state a claim, seeking dismissal of each claim with prejudice.  (Doc. 4).  Instead, the Court dismissed the complaint without prejudice and gave Plaintiff the opportunity to amend his claims.  (Doc. 18).  Plaintiff filed his amended complaint on January 29, 2026.  (Doc. 31).  The amended complaint asserts claims for violations of the ADA (Claim I) and FCRA (Claim 2).  Defendants have again moved to dismiss with prejudice.  (Doc. 35).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

---

[2] This count is misnumbered as Count IV in the complaint.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to serve as de facto counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

<u>Analysis</u>

Plaintiff asserts only one federal claim for relief – an ADA claim in Claim I. Title III of the ADA prohibits discrimination against individuals with disabilities by private entities in places of public accommodation. *See* 42 U.S.C. § 12182(a). To plead a disability discrimination claim, a plaintiff must allege that: (1) he is disabled, (2) the defendant owns or operates a place of public accommodation, and

(3) the defendant discriminated against the plaintiff based on his disability. *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1231 (11th Cir. 2021).

In this case, Defendants concede that they own or operate a place of public accommodation. However, Defendants argue that Plaintiff has not and cannot otherwise allege a facially sufficient ADA claim based on these facts.

The Court previously dismissed Plaintiff's ADA claim because he failed to allege any facts demonstrating that he has a disability and showing that he was discriminated against because of his disability. Although Plaintiff has now alleged facts demonstrating that he has a disability (severe post-traumatic stress disorder, major depressive disorder, severe anxiety, and severe OCD), he has still failed to allege facts showing that he was discriminated against on the basis of his alleged disability.

Plaintiff does not allege that he at any time disclosed his disabilities to anyone working at that Chipotle during the altercation. Plaintiff's assertion that he was not permitted to purchase his prepared meal is not sufficient itself to allege discrimination in violation of the ADA because exclusion of an individual is not *per se* discriminatory conduct. *See Oertel v. Corcoran*, No. 3:25-cv-621-MCR-HTC, 2025 WL 2100948, at *2 (N.D. Fla. June 4, 2025), *report and recommendation adopted*, 2025 WL 2097896, at *1 (N.D. Fla. July 24, 2025). Instead, the ADA requires that the exclusion or discriminatory conduct is based on the individual's disability. *See* 42 U.S.C. § 12182(a). Importantly here, Plaintiff does not sufficiently allege facts that could establish any Chipotle employees were aware of his disability, or that his

exclusion was based on his disability.  Although Plaintiff alleges that he referenced a service dog during the altercation, as the Court already explained, his mere possession of a service dog is insufficient to establish a disability, and Chipotle employees would have no reason to infer a disability based on a simple reference to a service dog in a car.  *See Oertel*, 2025 WL 2100948, at *2 (concluding that possession of a purported service dog, alone, is insufficient to establish disability).

The complaint describes a verbal altercation between Plaintiff and a Chipotle employee, followed by intervention and a request by the manager that Plaintiff proceed to a different location.  The ADA does not make every unpleasant interaction actionable in a court of law.  Based on Plaintiff's version of events, he has not sufficiently pleaded an ADA discrimination claim because it does not appear that the employee's hostility or the manager's decision to not provide Plaintiff with the prepared meal was motivated by or tied to any disability.  The Court declines to exercise jurisdiction over Plaintiff's state law FCRA claim in Claim II, which is dismissed without prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice and Supporting Memorandum of Law" (Doc. 35) is **GRANTED IN PART**, as set forth herein.

2. Claim I of the amended complaint is **DISMISSED WITH PREJUDICE**.

3. The Court declines to exercise supplemental jurisdiction over Claim II, which is **DISMISSED WITHOUT PREJUDICE** but may be pursued in state court.

4. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of February, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE